UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

ERNEST LEE SMITH,

    Petitioner,

V.

J.A. BARNHART, Warden,

    Respondent.

Civil Action No. 6: 18-332-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Ernest Lee Smith has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentence. [R. 1] The Court must conduct an initial review of the petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In October 2007 Smith was charged in Raleigh, North Carolina with several firearms and drug trafficking offenses. Four months later Smith reached an agreement with the government to plead guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) in exchange for the dismissal of the other charges. As part of that agreement, Smith expressly waived "all rights to contest the conviction or sentence in any post-conviction proceeding ..." The Presentence Report concluded that Smith was a career offender under Section 4B1.1 of the Sentencing Guidelines because his 1993 North Carolina conviction for breaking and entering qualified as a "crime of violence" and his 2000 North Carolina conviction for trafficking in cocaine qualified as a "controlled substance offense." In May 2008 the trial court sentenced Smith at the bottom end of the applicable

guidelines range to 202 months imprisonment on the drug trafficking count, and to a consecutive 60-month term on the firearms charge. *United States v. Smith*, No. 7: 07-CR-123-FL-1 (E.D.N.C. 2007).

Smith thereafter filed several motions seeking relief from his sentence pursuant to 28 U.S.C. § 2255. In his second such motion filed in 2012, Smith contended that his prior North Carolina conviction for trafficking in cocaine no longer qualified as a "controlled substance offense" in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F. 3d 237 (4th Cir. 2011). [R. 38 therein] The government conceded that point, but argued that Smith's § 2255 motion was barred by the collateral attack waiver in the plea agreement, constituted a "second or successive" motion that was not authorized by the court of appeals, and was not timely asserted. The government also noted that Smith had two other prior convictions that qualified as "crimes of violence": a 1999 conviction for solicitation to commit robbery with a dangerous weapon and a 1999 conviction for solicitation to commit first degree burglary. Smith therefore qualified as a career offender in any event. [R. 43 therein] The trial court denied the § 2255 motion both because Smith "waived his right to attack his conviction and sentence collaterally on the basis of *Simmons*" and because it was successive. [R. 45, 52 therein]

In his present § 2241 petition Smith simply re-asserts his *Simmons* claim. Smith argues that he faced no more than a 12-month sentence for his North Carolina drug trafficking crime, and therefore that offense was not "punishable by imprisonment for a term *exceeding* one year" as required to satisfy the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a). [R. 1-1] However, the Court has thoroughly reviewed Smith's petition, and concludes that it must be denied for several reasons.

First, in his plea agreement Smith knowingly and voluntarily waived his right to appeal or collaterally attack his conviction or sentence. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *petition for cert. filed*, No. 18-6807 (Nov. 26, 2018). Smith bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead

2

guilty and to waive his right to challenge his conviction or sentence. Smith is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Second, Smith's claim is not cognizable in a § 2241 petition. To challenge the legality of his federal conviction or sentence a federal prisoner must file a motion under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Under a narrow exception to this rule a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition, but only if: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Smith was sentenced in 2008, long after *Booker* was decided and under a discretionary guidelines regime. His claims thus do not satisfy the threshold criteria for cognizability under *Hill*. *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* ... On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018). This aspect of the published panel opinion in *Hill* is binding upon all courts within the Sixth Circuit. See *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at *3-4 (E.D. Ky. Dec. 14, 2018).

Smith's claim also fails to satisfy the third requirement of *Hill* because it is predicated upon *Simmons*, which is not a decision issued by the United States Supreme Court. A decision issued by another federal court of appeals does not provide a viable basis to seek relief under § 2241 because "[t]o date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012); see also *Taylor v. Edenfield*, No. 6: 13-CV-202-DCR (E.D. Ky. 2013), *aff'd*, No. 14-5388 (6th Cir. 2014) (rejecting § 2241 petition based upon *Simmons* because "both Taylor's challenge to his career-offender sentence and his § 922(g) conviction are predicated on Fourth Circuit, not Supreme Court, authority.").

Of course, *Simmons* was decided upon then-recently issued guidance from the Supreme Court in *Carachuri-Rosendo v Holder*, 560 U.S. 563 (2010), but Smith cannot rely upon that decision either. While the Fourth Circuit applied the analytical framework described by the Supreme Court in *Carachuri-Rosendo* to § 841(b) determinations in *Simmons*, "[t]he fact that this Court relied on *Carachuri* in reaching its decision in *Simmons* does not mean that *Carachuri* itself announced a new rule of substantive criminal law, only that this Court applied *Carachuri* in such a way as to announce such a [new substantive rule.]" *Miller v. United States*, 735 F. 3d 141, 146 (4th Cir. 2013). In addition, the Supreme Court's decision in *Carachuri-Rosendo* more narrowly defined the meaning of the term "aggravated felony" set forth in 8 U.S.C. § 1229b(a)(3) for purposes of the Immigration and Naturalization Act; it did not address the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a). It therefore does not apply to Smith's circumstances and provides no basis to invoke the savings clause. Cf. *Fields v. Warden, FCC Coleman-USP 1*, 612 F. App'x 980, 982 (11th Cir. 2015).

Accordingly, it is **ORDERED** as follows:

1.    Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Entered: January 28, 2019.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY